UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Woodsville Guaranty
Savings Bank

     v.                             Civil No. 11-cv-423-JL
                                    Opinion No. 2011 DNH 182

W.H. Silverstein, Inc.

     v.

Woodsville Guaranty
Savings Bank, Yankee
Barn Homes, Inc., and
Anthony Hanslin

**SUMMARY ORDER**

This case comes before the court on a motion to remand.  See
28 U.S.C. § 1447(c).  Plaintiff Woodsville Guaranty Savings Bank
sued defendant W.H. Silverstein, Inc. in Grafton County Superior
Court, asserting claims for declaratory judgment, injunctive
relief, replevin, and debt arising from a dispute over the
ownership and control of the assets of Yankee Barn Homes, a New
Hampshire corporation.  The Bank sought, and successfully
obtained, a preliminary injunction barring Silverstein from
"representing to anyone that Silverstein has purchased Yankee
Barn Homes or has any authority to act on behalf of Yankee Barn
Homes" and from "using or exerting control over any property
owned by Yankee Barn Homes, including, but not limited to the
Yankee Barn Home website."

Less than two weeks after the injunction issued, the Bank filed a Motion to Enforce and Motion for Contempt, alleging that Silverstein had unveiled a new website that displayed "virtually all of the photos and written material on the Yankee Barn Homes website," including textual passages taken directly from the Yankee Barn Homes website, the Yankee Barn Homes logo, and Yankee Barn Homes architectural plans. Silverstein then removed the Bank's lawsuit to this court, invoking its jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks," 28 U.S.C. § 1338(a). Silverstein asserted that the Bank's "claims respecting photos, written material, logos, and architectural plans . . . are co-extensive with and 'functionally equivalent' to claims under the Copyright Act, and these state law claims are therefore preempted by the Copyright Act." Notice of Removal (document no. 1) ¶ 8. The Bank moved to remand, arguing that this action does not in fact arise under the Copyright Act and that Silverstein's Notice of Removal was untimely under 28 U.S.C. § 1446(b), which requires that such a notice "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because

2

Silverstein has not established that federal jurisdiction lies, as is its burden, the motion is granted and the case is remanded.

## I.   *Applicable Legal Standard*

"[A] motion to remand a removed case to the state court involves a question of federal subject matter jurisdiction." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 830 (1st Cir. 1997).  "In the course of this inquiry, the removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction." Id. at 831.

## II.   *Analysis*

## A.   Federal Question Jurisdiction

The well-pleaded complaint rule governs whether a case arises under federal law for purposes of 28 U.S.C. §§ 1331 and 1338(a).  Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002).  That rule "prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint." BIW Deceived, 132 F.3d at 831.  Neither the petition in this action nor the Bank's Motion to Enforce and Motion for Contempt, the latter of which was Silverstein's focus at oral argument, purport to state any claim arising under the Copyright Act.  Federal law is

implicated in this case only because Silverstein argues that the Bank's claims are preempted by the Copyright Act.[1]

"[A] federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint." Ten Taxpayer Citizens Group v. Cape Wind Assocs., 373 F.3d 183, 191 (1st Cir. 2004). "That is generally true even where the asserted defense is the preemptive effect of a federal statute." Id. Silverstein argues, though, that this case involves a limited exception to that rule:  the "complete preemption" (or "jurisdictional preemption") doctrine, which provides that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." BIW Deceived, 132 F.3d at 831 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)).  Silverstein maintains that the field of copyright is just such an area.

---

[1] After removing this case to federal court, Silverstein answered the complaint and asserted counterclaims against the Bank, Yankee Barn Homes, and Anthony Hanslin, president of Yankee Barn Homes.  Most of the counterclaims were premised on state law, though one sought a declaratory judgment regarding the use of certain copyrights and trademarks.  See document no. 11 at 20-25.  That counterclaim cannot serve as the basis for federal jurisdiction:  "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1273 (2009).

The court need not determine whether the complete preemption
doctrine extends to the Copyright Act.[2]  Assuming arguendo that
it does, it would give district courts federal question
jurisdiction over only those state law claims actually preempted
by the Act.  Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373
F.3d 296, 305 (2d Cir. 2004) (applying complete preemption
doctrine to Copyright Act).  The preemption provision of the
Copyright Act makes explicit that only those actions involving
"legal or equitable rights that are equivalent to any of the
exclusive rights within the general scope of copyright" are
preempted.  17 U.S.C. § 301.  "If a state cause of action

---

[2] Contrary to Silverstein's assertions, see Obj. to Mot. for
Remand (document no. 9) at 6, case law does not "uniformly"
support application of the complete preemption doctrine in this
context.  The Court of Appeals for the Third Circuit has rejected
this notion, see Bd. of Chosen Freeholders of Cty. of Burlington
v. Tombs, 215 F. Appx. 80, 82 (3d Cir. 2006) (unpublished), as
have several federal district courts.  See, e.g., Amer. Airlines,
Inc. v. Biztraveldeals.com, No. 08-cv-069-A, 2008 WL 818536, *3
(N.D. Tex. March 26, 2008) ("The court is not persuaded that the
existence of no more than a preemption defense under 17 U.S.C. §
301(a) causes a case filed in state court to be removable to
federal court."); Crooks v. Certified Computer Consultants, Inc.,
92 F. Supp. 2d 582, 587 (W.D. La. 2000) ("[T]he complete
preemption doctrine does not apply to the area of copyright, as
not every case involving federal copyright laws arises under
those laws such that federal jurisdiction is proper.").  And
while our Court of Appeals has not addressed complete preemption
under the Copyright Act, one former judge of that court has
expressed his opinion that "[t]he Act plainly does not exert such
an overpowering preemptive force as to bring under the federal
courts' subject matter jurisdiction all state-law causes of
action [regarding] a copyrighted work."  Cambridge Literary
Props., Ltd. v. W. Goebel Porzellanfabrik GmbH & Co. Kg., 510
F.3d 77, 99-101 (1st Cir. 2007) (Cyr, Senior J., dissenting).

requires an extra element, beyond mere copying, preparation of
derivative works, performance, distribution or display, then the
state cause of action is qualitatively different from, and not
subsumed within, a copyright infringement claim and federal law
will not preempt the state action." Data Gen. Corp. v. Grumman
Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994), abrogated
on other grounds by Reed Elsevier, Inc. v. Muchnick, 130 S.Ct.
1237 (2010).

The claims at issue in this case do not fall exclusively
within the scope of the copyright laws, and require proof of
elements beyond those required for a copyright infringement
claim.  The relief sought in the petition is a determination of
which party – the Bank or Silverstein – may validly claim the
right to control and dispose of the property and other assets
(including, but not limited to, the intellectual property) of
Yankee Barn Homes.  The Bank alleges that its security agreement
with Yankee Barn Homes prohibited the sale of any of Yankee Barn
Homes' assets to Silverstein without the Bank's approval, that
the Bank never gave that approval, and that Silverstein thus has
no valid entitlement to those assets.  To recover under its state
law claims, then, the Bank would have to prove at least one
element not required for a successful copyright claim:  its
alleged contractual right to veto the sale of Yankee Barn Homes'

6

assets.  Indeed, resolution of the Bank's claims will turn principally on an interpretation of the security agreement.[3]

That the interpretation of that agreement may affect ownership interests in copyrighted material has no bearing on this court's jurisdiction:  "an action does not 'arise under' the federal copyright laws merely because it relates to a product that is the subject of a copyright."  Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 2 (1st Cir. 1987).  Royal is instructive.  There, the Court of Appeals concluded that there was no basis for federal jurisdiction even though the plaintiff sought a declaratory judgment that it was co-owner of a copyright.  In reaching this conclusion, the Court relied on the fact that the "claim, in its very nature and essence, [was] one for breach of contract" that "depend[ed] in the first instance upon whether or not there has been compliance with the terms of [a] royalty agreement, and if not, what should be the effect of that noncompliance as a contractual matter."  Id. at 4.  Here, as there, the claims asserted are in essence contractual in nature, and "nothing in § 1338(a) confers federal jurisdiction over mere contract disputes."  Id.; see also 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.01[A][2] at 12-22.3 (2009)

---

[3] That interpretation will be governed by New Hampshire law. See Security Agreement (document no. 1-1, pp. 19-20) at 2 ("This Agreement is governed by the laws of the state in which Secured Party is located.").

("Because contractual rights arise under state law, jurisdiction lies solely with the state courts in an action to enforce contracts relating to works subject to statutory copyright or rights under those contracts.").

T-Peg, Inc. v. Isbitski, No. 03-462-SM, 2005 WL 300061 (D.N.H. Feb. 9, 2005) (McAuliffe, C.J.), rev'd on other grounds sub nom. T-Peg, Inc. v. Vt. Timber Works, Inc., 459 F.3d 97 (1st Cir. 2006), upon which Silverstein relied at oral argument, is not to the contrary.  The state-law claims for unjust enrichment, unfair competition, and violation of the New Hampshire Consumer Protection Act in that case that Chief Judge McAuliffe found to be preempted by the Copyright Act were substantively identical to copyright infringement claims.  See id. at *8-11.  Each was premised upon the defendant's unlawful copying of the plaintiff's copyrighted works.  Id. at *7.  Here, it is Silverstein's allegedly wrongful (under the terms of a security agreement) possession of and exercise of control over Yankee Barn Homes' copyrighted works, not the copying of those works, that is at the heart of the Bank's claims.  This places the Bank's claims squarely outside the realm of copyright.

Accordingly, plaintiff's claims are not preempted under § 301 of the Copyright Act and there is no federal question jurisdiction over this suit under either 28 U.S.C. §§ 1331 or

1338(a).[4]  As this court lacks subject matter jurisdiction,

remand is appropriate.[5]

## B.   Request for Fees and Costs

In its motion for remand, the Bank also requests an order

requiring Silverstein to pay its attorneys' fees and costs

incurred in connection with the motion on the ground that there

was no good faith basis for removal.  "An order remanding [a]

case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal."

---

[4] The court notes that another judge in this district
recently remanded a nearly identical case between these same
parties, concluding that the case did "not arise under federal
law and there is no other basis for the court's jurisdiction."
Woodsville Guar. Savings Bank v. W.H. Silverstein, Inc., Civil
No. 11-cv-00414-PB (D.N.H. Sept. 6, 2011) (Barbadoro, J.).

[5] Because it concludes that there is no federal jurisdiction
under 28 U.S.C. §§ 1331 or 1338(a), the court need not address in
detail the Bank's alternative argument that Silverstein's removal
was untimely.  Silverstein's assertion in its brief, however,
that it could not have removed this case within 30 days of
service of process because "nothing in the original pleading
implicat[ed] copyright-protected property," document no. 9 at 4 -
an assertion it repeated at oral argument - is simply at odds
with the facts.  The Bank's petition before the state court made
clear that the Bank sought to enforce its rights in the property
identified in its security agreement with Yankee Barn Homes.
See, e.g., document no. 1-1 at 3, ¶¶ 8-9.  The security
agreement, which was identified to the petition as Exhibit A,
unambiguously identifies "[a]ll general intangibles including
. . . copyrights" as falling within its scope.  Id. at 19.  This
placed Silverstein on notice that copyrighted material was at
issue in the case.  Thus, even assuming Silverstein could remove
this case under the Copyright Act, it failed to do so within the
time allotted by 28 U.S.C. § 1446(b).

28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  While the court questions the timing of Silverstein's removal, coming as it does on the heels of a Motion for Contempt, it cannot conclude on this record that Silverstein lacked an objectively reasonable basis for removal.  Nor has the Bank identified any unusual circumstances that would justify an award of fees under § 1447(c).  Therefore, request for attorneys' fees and costs is denied.

### III. *Conclusion*

For the foregoing reasons, the Bank's motion for remand[6] is GRANTED.  The case is remanded to Grafton County Superior Court.

Because the court has determined that it lacks subject matter jurisdiction over this action, "it is precluded from rendering any judgments on the merits of the case."  Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001).  Accordingly, the Bank's motion to strike Silverstein's counterclaims[7] is DENIED without prejudice.

---

[6] Document no. 7.

[7] Document no. 14.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  November 2, 2011

cc:  Katherine M. Strickland, Esq.
     W.E. Whittington, Esq.
     Michael C. Shklar, Esq.